# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN NIKOLOV, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Steven Nikolov brings this action to secure redress from Portfolio Recovery Associates, LLC. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's communications were received by plaintiff within this District.

   b. Defendant transacts business within this District.

## PARTIES

5. Plaintiff Steven Nikolov is an individual who resides in the Northern District of Illinois.

6. Defendant Portfolio Recovery Associates, LLC is a Delaware corporation. It does business in Illinois. Its registered agent and office are Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

7. Portfolio Recovery Associates, LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

9.  In 2012, plaintiff obtained a new cell phone number which he did not give to defendant or any creditor.

10. Between June 2013 and July 2014, plaintiff received a series of automated telephone calls from defendant at his new cell phone number. Plaintiff received at least 250 calls to his cell phone during this time period.

11. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

11. Plaintiff did not authorize the automated placement of calls to his cell phone.

12. Plaintiff did not furnish his cell phone number to defendant or any creditor.

13. Plaintiff is entitled to statutory damages.

14. Defendant violated the TCPA even if its actions were only negligent.

15. Defendant should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

16. Plaintiff incorporates paragraphs 1-15.

17. The TCPA, 47 U.S.C. §227, provides:

> **§ 227.  Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
> > **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
> >
> > > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

18. The TCPA, 47 U.S.C. §227(b)(3), further provides:

   **Private right of action.**

   **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

   **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

   **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

   **(C) both such actions.**

   **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against the defendant for:

   (1) Statutory damages;

   (2) An injunction against further violations;

   (3) Costs of suit;

   (4) Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene

3

EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A.Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)